**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RITA MENDEZ,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:18-2165** |
| v. | : | **(JUDGE MANNION)** |
| **WEIS SUPERMARKET,** | : | |
| **Defendant** | : | |

# O R D E R

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the instant action be dismissed for the plaintiff's failure to prosecute. (Doc. 17). With the time for doing so having passed, the plaintiff has not filed objections to the report.

The plaintiff filed this action on November 5, 2018. (Doc. 2). Upon giving the plaintiff's complaint preliminary consideration, Judge Mehalchick recommended that the complaint be dismissed for failure to state a claim, but further recommended that the plaintiff be given leave to file an amended complaint. (Doc. 12). By order dated March 21, 2019, the undersigned adopted the report of Judge Mehalchick (Doc. 13) and the plaintiff was ultimately granted until May 9, 2019 to file her amended complaint (Doc. 15). The plaintiff failed to file an amended complaint and, as such, Judge Mehalchick issued the pending report. Rather than file objections to Judge Mehalchick's report, the plaintiff filed a motion for appointment of counsel.

In her motion for appointment of counsel, the plaintiff claims that she

cannot afford counsel because she is on a fixed income and is disabled. The petitioner has previously been advised as to the standard for appointment of counsel:

>	There is no constitutional or statutory right to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Under §1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel. The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58.
>
>	The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:
>
>>		(1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.
>
> Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

See Mendez v. McDonald's Restaurant, Civil Action No. 3:18-391, Doc. 9.

Here, the plaintiff has not overcome the threshold hurdle of demonstrating that her case has some arguable merit in fact and law. Upon preliminary consideration, it was determined that, even giving the plaintiff's *pro se* complaint liberal construction, the facts alleged by the plaintiff failed to state any claim upon which relief can be granted. As such, the plaintiff's original complaint was dismissed and she was given the opportunity to file an amended complaint. To date, the plaintiff has failed to do so, and she has no claim before the court justifying the appointment of counsel. In light of this, the plaintiff's motion for appointment of counsel will be denied.

Moreover, with respect to Judge Mehalchick's report, the plaintiff has failed to file any objections. When no objections are filed to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C.

§636(b)(1); Local Rule 72.31.

The undersigned has reviewed Judge Mehalchick's report and finds no clear error of record. The report and recommendation with therefore be adopted in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's motion for appointment of counsel, **(Doc. 18)**, is **DENIED**.

**(2)** The report and recommendation of Judge Mehalchick, **(Doc. 17)**, is **ADOPTED IN ITS ENTIRETY**.

**(3)** The instant action is **DISMISSED** for the plaintiff's failure to file an amended complaint as directed by the court.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  July 12, 2019**
18-2165-02.wpd